# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

EDWIN ALLEN STOLTENBERG,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

Case No. 3:20-cv-00165-RRB

## ORDER

### I. Procedural History

On July 8, 2020, self-represented prisoner, Edwin Allen Stoltenberg, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] Additionally, Mr. Stoltenberg filed an "Affidavit to be Entered into Evidence" and "Motion to Strike Assigned Judge 'RRB.'"[2] On August 18, 2020, the Court denied the motion, screened the petition, found it contained no proper grounds for habeas relief, and dismissed the action.[3] On October 2, 2020, Mr. Stoltenberg filed a Motion to Reconsider.[4]

---

[1] Docket 1.

[2] Dockets 2 & 4.

[3] Docket 5.

[4] Docket 7.

## II. Motion to Reconsider

At Docket 7, Mr. Stoltenberg requests "this Honorable Court to reconsider previous 2241 as the Court overlooked material of fact."[5] Mr. Stoltenberg alleges that the federal government, and subsequently this Court, lacks jurisdiction to bring or adjudicate the criminal charges pending against him.[6] In support, Mr. Stoltenberg lodges "another affidavit of mistake to supplement the record."[7] This Court takes judicial notice of Mr. Stoltenberg's criminal case at No. 3:18-cr-00109-TMB-MMS-1.[8]

Mr. Stoltenberg states:

> EDWIN ALLEN STOLTENBERG was federally charged in case No. 3:18-cr-00109-01-TMB-MMS with Possession with Intent to Distribute Controlled Substances, Carrying a Firearm During and in Relation to a Drug Traffic[k]ing, Felon in Possession of a Firearm and Access Device Fraud.
> Pursuant to 27 CFR 72.11 the charges crimes are all "Commercial" which now brings the point that this is a Court of Commerce. The system of negotiable paper

---

[5] Docket 7 at 1.

[6] *See* Docket 7.

[7] Docket 7 at 1; see also Docket 7-2.

[8] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

> binds all corporate entities of government together in vast system of Commercial Agreements, Legislative Article I Court, or Tribunal, System of Commercial Law."
> As the UNITED STATES OF AMERICA is a federal corporation (see Title 28, 3002(15)(A) which has not produced any evidence that compels Edwin Stoltenberg The Living flesh and blood created man to perform for the Legal Person EDWIN ALLEN STOLTENBERG.[9]

Further, Mr. Stoltenberg discusses general blackletter principles of contract law and states "As this UCC is the Supreme Law of the Land that governs all Commercial Transactions, and at this time is to correct the mistake in the beginning with the affidavit to supplement the record that is attached hereto."[10]

### III. Discussion

A motion to reconsider only applies to non-dispositive orders.[11] In order for a Court to reconsider a final judgment, the movant's argument must be evaluated under Rule 60, Relief from Judgment or Order, of the Federal Rules of Civil Procedure.

### a. Rule 60(a)

Rule 60(a) provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." This rule encompasses clerical, oversight, or omission

---

[9] Docket 7 at 1-2.

[10] Docket 5 at 4.

[11] Local Civil Rule 7.3(h).

errors. While Mr. Stoltenberg refers to his "affidavit of mistake," he makes substantive arguments regarding the jurisdiction and application of federal law, in addition to requesting the dismissal of his criminal case. Accordingly, Rule 60(a) does not apply to Mr. Stoltenberg's motion.

### b. Rule 60(b)

Rule 60(b) permits a court to relieve a party from a final judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Rule 60(b) does not provide for overlooked or unconsidered material fact.

Mr. Stoltenberg presents the Court with an updated affidavit "of mistake."[12] Here, he declares to "rescind, redact, and revoke all consents, authorizations and power of attornies . . . from now to the beginning . . . nunc pro tunc."[13] Additionally,

---

[12] Docket 7-2; *see also* Docket 7 at 1.

[13] Docket 7-2 at 1.

Mr. Stoltenberg waives his "benefits to the legal person, EDWIN ALLEN STOLTENBERG"; refuses to "consent to any proceedings"; and does "not wish to contract with any government, agency, entity, court, corporation or the UNITED STATES OF AMERICA."[14] The affidavit also provides the Court with Mr. Stoltenberg's definitions of the natural man, the artificial person, and the juristic person, in addition to the definition of commercial crimes as defined in 27 CFR 72.11.[15]

1. Personhood & Jurisdiction

Mr. Stoltenberg uses language and arguments promoted by the Sovereign Citizen movement.[16] The "Sovereign Citizen" ideology attempts to create the idea of natural personhood vs. artificial personhood by relying on pre-civil war case law and the Reconstruction Amendments to the U.S Constitution.[17] Through his affidavit, Mr. Stoltenberg declares himself natural person separated from his artificial person. Mr. Stoltenberg alleges that the federal government, and thereby

---

[14] Docket 7-2 at 1.

[15] 27 CFR 72.11 is a federal regulation promulgated by the Alcohol and Tobacco Tax and Trade Bureau of the Department of the Treasury.

[16] *See* Caesar Kalinowski IV, *A Legal Response to the Sovereign Citizen Movement*, 80 Mont. L. Rev. 153 (2019).

[17] *Id.* at 158-62.

this Court, lack jurisdiction over his natural person. Essentially, Mr. Stoltenberg does not believe the federal government has jurisdiction over his physical body.

A U.S. citizen cannot separate the "natural person" from an "artificial" person or entity from oneself. The "Sovereign Citizen" movement erroneously interprets the U.S. Constitution, Declaration of Independence, and pre-civil war case law to advance a fictious idea of dual "personhood."[18] This is not legally possible, enforceable, or supported by any cogent interpretation of American law. This concept of personhood is an incorrect assertion of citizenship, individual rights, and how a person may be subject to jurisdiction of state and federal courts. Through this flawed concept of dual personhood, a Sovereign Citizen attempts to reject the jurisdiction of state and federal governments. However, if an individual is a citizen, takes an action, and/or resides in the United States, that person is subject to federal jurisdiction and any applicable state jurisdiction. No asserted separation or division of personhood can exempt a person from federal or state jurisdiction.

2. Commerce & Criminal Activities

Congress has the power to create federal criminal laws from the Commerce Clause of the United States Constitution.[19] Congress can establish jurisdiction and

---

[18] *Id.*

[19] U.S. Const. Art. I § 8. Cl. 3.

3:20-cv-00165-RRB, *Stoltenberg v. USA*
Order
Page 6 of 8

regulate activities that (1) "use the channels of interstate commerce," (2) are "the instrumentalities of interstate commerce," or (3) substantially affect interstate commerce.[20] As previously explained to Mr. Stoltenberg, Congress's power includes the ability to regulate and criminalize activities involving weapons and drugs.[21] The Supreme Court of the United States has reviewed and upheld federal criminal jurisdiction for both weapons and drug crimes,[22] and has definitively ruled that "as a matter of law, the market for illegal drugs is 'commerce over which the United States has jurisdiction.'"[23]

    Mr. Stoltenberg attempts to conflate the role of interstate commerce with the constitutionality of Congress's ability prohibit his alleged behavior and the for-profit transactional nature of his alleged criminal activities. Citing to federal regulations defining "commercial crimes," Mr. Stoltenberg seems to advocate that the Uniform Commercial Code – rather than Federal Criminal law -- should govern his conduct. In short, he alleges that his drug and weapon charges are functionally acts of commerce. But Federal regulations are rules made by federal agencies. Federal

---

[20] *United States v. Lopez*, 514 U.S. 549, 558–59 (1995).

[21] *Scarborough v. United States*, 431 U.S. 563 (1977); *Taylor v. United States*, 579 U.S. \_\_\_, 136 S. Ct. 2074 (2016).

[22] In *Scarborough v. United States*, the Supreme Court held that proof that a firearm traveled in interstate commerce was sufficient to prove the nexus between possession and commerce. 431 U.S. 567–77.

[23] *Taylor*, 136 S. Ct. at 2081.

regulations do not supersede the federal statues passed by Congress. And the UCC is simply a set of model laws regarding the governance of commercial transactions.[24] It is not "the supreme law of the land," and has no formal authority—it is merely a tool of legal scholarship. The UCC in no way supersedes, influences, alters, or subsumes the jurisdictional authority of Congress's legislative authority, the executive branch's role of enforcement of those laws, or this Court's adjudicatory power over this matter.

In light of the foregoing, Mr. Stoltenberg's arguments fail. Modern federal criminal jurisdiction over Mr. Stoltenberg's alleged criminal activities has been established by Congress and the Supreme Court.

## IV. Conclusion

Mr. Stoltenberg has not presented this Court with an argument that could be construed as meritorious under any of the provisions of Rule 60(b). Accordingly, the Motion to Reconsider at Docket 7 is **DENIED**.

Dated at Anchorage, Alaska, this 20th day of November, 2020.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[24] The Uniform Commercial Code (UCC) is a set of "uniform law that governs commercial transactions, including sales of goods, secured transactions, and negotiable instruments. The Code has been adopted in some form by every state." "Uniform Commercial Code," *Black's Law Dictionary*, 11th Edition (2019).