# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWIN ALLEN STOLTENBERG,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 3:20-cv-00165-RRB |

### ORDER DENYING RECONSIDERATION OF PREVIOUS ORDER DENYING RECONSIDERATION

### I. Procedural History

On July 8, 2020, self-represented prisoner, Edwin Allen Stoltenberg, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] On August 18, 2020, the Court screened the petition, found it contained no proper grounds for habeas relief, and dismissed the action.[2] On October 2, 2020, Mr. Stoltenberg filed a Motion to Reconsider, requesting "this Honorable Court to reconsider previous 2241 as the Court overlooked material of fact."[3] Mr. Stoltenberg alleged that the federal government, and subsequently this Court, lacks jurisdiction to bring or adjudicate the criminal charges pending against him,

---

[1] Docket 1.

[2] Docket 5.

[3] Docket 7 at 1.

and lodged, in support, "another affidavit of mistake to supplement the record."[4] Mr. Stoltenberg's motion was denied by this Court on November 20, 2020, with a detailed and thorough explanation of Federal Rule of Civil Procedure 60, personhood and federal jurisdiction, and commerce and criminal activities.[5]

## II. Motion to Reconsider the Order Denying Reconsideration

Mr. Stoltenberg's current motion, at Docket 9, to reconsider the Court's previous order denying reconsideration, has been filed based upon "newly discovered evidence," under Rule 60(b)(1) (sic),[6] again alleging that this Court does not have jurisdiction over him.[7] And this Court again takes judicial notice of the federal criminal case in which Mr. Stoltenberg is a defendant, at No. 3:18-cr-00109-TMB-MMS-1, to which he objects.[8]

Mr. Stoltenberg states:

---

[4] Docket 7; *see also* Docket 7-2.

[5] Docket 8.

[6] Fed. R. Civ. P. 60(b)(1) provides relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect," and 60(b)(2) provides relief when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

[7] Docket 9 at 1.

[8] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

> I . . . re-established my God given unalienable rights of an "American National," which I am NOT a STATUTORY CITIZEN, as I have returned my feet back to the land on the dirt which is witnessed by TWO and have a copyright/copyclaimed my feet prints, hand-thumb-finger prints DNA, voice frequency, photograph everything that's mine as I am the "mold" and created it, is now copyright/copyclaimed.[9]

Mr. Stoltenberg asserts that "the only law that may be applied to a 'stateless person' or 'American National' is the law of the state in which he/she maintains a domicile, which are the laws of God documented in the Holy Bible."[10] Mr. Stoltenberg claims that he is "a[n] 'American National' domiciled in the Kingdom of Heaven."[11]

### III. Discussion

The Court refers to its previous Order, at Docket 8, for a thorough explanation regarding such arguments. "'[C]ourts have encountered these claims before, namely, in the antics and writing of extremists who wish to dissociate

---

[9] Docket 9 at 2; *see also, e.g., Bey v. Hansen*, No. C08–1479–TSZ, 2008 WL 4866057, at *1 (W.D. Wash. Oct. 10, 2008) (dismissing complaint in which "Plaintiff does not identify ownership of a valid copyright for his name" as frivolous); *In re Rickert*, Case No. 18-60937-13, 2019 WL 1959898, at *8 (D. Mont. April 29, 2019) (slip op) ("Debtor had attempted to trademark her name, and included the reference, 'living breathing man' in the affidavit. These are the hallmarks of internet law, and the Court cautioned . . . against proceeding with frivolous filings that are found on the internet.").

[10] Docket 9 at 3 (citing Fed. R. Civ. P. 17(b) (addressing the capacity to sue or be sued in a civil action), and *Newman-Green v. Alfonso Larrain,* 490 U.S. 826, 828–29 (1989) (determining diversity jurisdiction in a civil case, when one of the parties is an American citizen with no domicile in any state)).

[11] Docket 9.

themselves from the social compact undergirding this nation's democratic institutions, including the independent judicial branch of government.' *United States v. Mitchell,* 405 F. Supp. 2d 602, 605 (D. Md. 2005)."[12] In short, Mr. Stoltenberg's assertions are blatantly frivolous. He cannot declare himself to be an "American National," so as to be free from criminal prosecution.[13] "'Courts across the [United States] have uniformly rejected [such] arguments,' . . . describing them as 'frivolous, irrational [and] unintelligible.' . . ."[14]

As Mr. Stoltenberg was informed at great length in Docket 8, his arguments fail. Modern federal criminal jurisdiction over Mr. Stoltenberg's alleged criminal activities has been established by Congress and the Supreme Court.

IV. **Conclusion**

Mr. Stoltenberg again fails to present this Court with an argument that could be construed as meritorious and non-frivolous under any of the provisions of Rule 60(b). Moreover, Mr. Stoltenberg's remedy, if he disagreed with the dismissal

---

[12] *United States v. Alexio*, CR Nos. 13–01017 JMS, 13–01018 JMS, 2015 WL 4069160, at *2 (D. Hawaii July 2, 2015).

[13] *Id.* (addressing federal criminal defendant who "claims he has 'returned to [his] former status of being an American Freeman and American National in Equity, i.e., a *de jure* Private National Citizen of the United States under section 1 of the Fourteenth Amendment,'" *id*. at 1, and who "seeks, among other relief, to have the government 'admit[ ], confess[ ] and accept[ ]' his claims, and 'withdraw its action and claims against Defendant.'" *Id.* at 2.).

[14] *Id.* at 2.

and the order denying his previous motion for reconsideration, was to file a timely appeal with the Court of Appeals for the Ninth Circuit.[15]

Accordingly, the Motion, at Docket 9, to Reconsider the Previous Order Denying Reconsideration, is **DENIED**, and this case remains **CLOSED**.

Dated at Anchorage, Alaska, this 21st day of June, 2021.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[15] *See* Fed. R. App. P. 4(a)(1)(B) ("The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is: (i) the United States;" Fed. R. App. P. 4(a)(4)(A) ("the time to file an appeal runs for all parties from the entry of the order disposing of . . . [a motion] (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.").